**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-2394-GW(JEMx) | | Date | February 13, 2014 |
|---|---|---|---|---|
| Title | *GB Inland Properties, LLC v. Sergio Armando Duran, et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None Present | None Present | | |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

On August 20, 2013 GB Inland Properties II, LLC ("Plaintiff"), allegedly became the owner of real property located at 1100 S Buena Vista Ave (Back Unit), Corona, CA, 92882 (the "Subject Property") at a trustee's sale following foreclosure proceedings. Compl. ¶¶ 5-7. Defendants Sergio Armando Duran and Yolanda G. Chavez ("Defendants") allegedly occupied the Subject Property and were served with a "Three Day Notice to Quit" on August 28, 2013; Defendants remained in possession of the Subject Property for more than three days after service thereof. *Id.* ¶¶ 8-9. On September 4, 2013, Plaintiff instituted unlawful detainer proceedings in state court. *Id.* at 1. Defendants, proceeding *pro se*, removed the action to this Court on December 31, 2013 on the grounds that the California Superior Courts "may be largely 'bought and paid for'" and thus "Defendants cannot obtain a fair trial in State court in an Unlawful Detainer action and the next higher court is District Court. This is what makes it a federal claim and as such it is pleaded as a state law claim to be 'recharacterized' as a federal claim." Notice of Removal at 3-4. Defendants also claim that diversity of jurisdiction exists because they are citizens of California and to the "best of[their] knowledge" Plaintiff is a Delaware-based corporation. *Id.* at 4. Plaintiff filed a motion to remand on January 17, 2014. *See generally* Docket No. 7.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from

|  | : |
|---|---|
| Initials of Preparer | JG |

# REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-2394-GW(JEMx) | Date | February 13, 2014 |
|---|---|---|---|
| Title | GB Inland Properties, LLC v. Sergio Armando Duran, et al. | | |

state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc*., 980 F.2d 564, 567 (9th Cir. 1992).

Federal subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See id.* at 392-93. As a result, Defendants' reliance on the purported defenses under federal law or issues with the California courts identified in the Notice of Removal cannot serve as the basis for federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

Nor have Defendants established that diversity jurisdiction exists. "After removal, plaintiff may challenge the allegations of the removal notice. *The burden is on defendant* to prove the existence of jurisdictional facts (complete diversity, etc.)." Schwarzer, Tashima, *et al.*, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (2011) ("Schwarzer & Tashima") § 2:2367, at 2D-29 (emphasis added). In this case, Defendants admit that they are California citizens but claim that, to the "best of [their] knowledge," Plaintiff is a Delaware-based corporation. Notice of Removal at 4. Defendants provide no factual support whatsoever for this assertion, which is directly contradicted by the Complaint's allegation that Plaintiff is a California LLC. *See* Compl. ¶ 1. To show that removal was proper, Defendants had to support their jurisdictional allegations with competent proof. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990). In addition, Defendants fail to establish that the amount in controversy exceeds $75,000. "The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole." *See, e.g., Federal Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-1641-GAF, 2012 U.S. Dist. LEXIS 50329, at *5 (C.D. Cal. Apr. 9, 2012) (citation omitted); *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-5478-PJH, 2011 U.S. Dist. LEXIS 8018, at *7 (N.D. Cal. Jan. 21, 2011) ("Since this unlawful detainer cause of action is concerned only with possession of the Property, damages are limited to those incident to the unlawful detention of said property.") (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). Plaintiff here seeks both possession and daily rental value damages from September 4, 2013 through the date of entry of judgment at the rate of $51.97 per day – far less than the requisite $75,000 minimum. *See* Compl. at Prayer.

Moreover, even assuming the existence of complete diversity, "removal is allowed only if 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" 29 U.S.C. § 1441(b). "[O]nce any 'local' defendant has been served, the action

:

Initials of Preparer   JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-2394-GW(JEMx) | Date | February 13, 2014 |
|---|---|---|---|
| Title | *GB Inland Properties, LLC v. Sergio Armando Duran, et al.* | | |

cannot be removed on diversity grounds by that defendant or any other defendant." Schwarzer & Tashima § 2:2321, at 2D-21-22. Again, Defendants admit that they are California citizens, and Plaintiff timely filed a motion to remand on January 17, 2014, in which it argues that the case is not removable pursuant to 28 U.S.C. § 1441(b).

      The Court thus REMANDS the action to state court, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

:

Initials of Preparer    JG